IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WERNER HOLDING CO. (DE), INC., et al.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 06-10578 (KJC)<br><br>(Jointly Administered) |

## NOTICE OF APPEAL

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases of Werner Holding Co. (DE), Inc., and its related debtors and debtors in possession (collectively, the "**Debtors**"), appeals under 28 U.S.C. §158(a) from the Bankruptcy Judge's *Order Re: Motion For Order Authorizing Debtors To Honor Pre-Petition Incentive-Based Bonus Plans* dated August 22, 2006, and entered on the docket on August 23, 2006 as Docket Entry No. 357 (the "**Order**").

The name(s) of the parties to the Order appealed from, and the names, addresses, and telephone numbers of their respective attorneys, are as follows:

    Werner Holding Co (DE), Inc. (Appellee)
    1105 North Market Street
    Suite 1300
    Wilmington, DE 19801

    Joel A. Waite, Esq. (Co-Counsel to Appellee)
    Kara Hammond Coyle, Esq.
    Matthew Barry Lunn, Esq.
    Robert S. Brady, Esq.
    Young, Conaway, Stargatt & Taylor LLP
    The Brandywine Building
    1000 West Street, 17th Floor
    P.O. Box 391
    Wilmington, DE 19899-0391
    (302) 571-6600

Matthew A. Feldman, Esq. (Co-Counsel to Appellee)
John Longmire, Esq.
WILLKIE FARR & GALLAGHER, LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

Dated: September 1, 2006
Wilmington, Delaware

COUNSEL FOR APPELLANT, OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 661-7000
Fax: (302) 661-7360

-and-

Nancy A. Mitchell, Esq.
David W. Baddley, Esq.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
Tel: (312) 456-8400
Fax: (312) 456-8435

- and -

Joseph B. Davis, III, Esq.
GREENBERG TRAURIG, LLP
One International Plaza
Boston, MA 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
In re                               :   Chapter 11
                                    :
WERNER HOLDING CO. (DE), INC., et al.,  :   Case No. 06-10578 (KJC)
                                    :
        Debtors.                    :   Jointly Administered
                                    :
                                    :   **Doc. Ref. No. 138**
------------------------------------x

### ORDER RE: MOTION FOR ORDER AUTHORIZING DEBTORS TO HONOR PRE-PETITION INCENTIVE-BASED BONUS PLANS

Upon the motion [Docket No. 138] (the "Motion") of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for an order, pursuant to sections 363(b) and 105(a) of title 11 of the United States Code, authorizing, but not directing, the Debtors to honor the prepetition incentive-based bonus plans described in the Motion (the "Bonus Plans"); and upon the: (a) Objection to Motion for Order Authorizing Debtors to Honor Pre-Petition Bonus Plans filed by the Office of the United States Trustee for the District of Delaware (the "United States Trustee") [Docket No. 207]; (b) Debtors' Reply to United States Trustee's Objection to Debtors' Motion to Authorize Debtors to Honor Prepetition Incentive-Based Bonus Plans Pursuant to Sections 363 and 105 of the Bankruptcy Code [Docket No. 225]; (c) Objection to Debtors' Motion to Honor Prepetition Incentive Based Bonus Plans and Request for Continuance filed by the Official Committee of Unsecured Creditors (the "Committee") [Docket No. 236]; and (d) Debtors' Reply to Objection to Debtors' Motion to Honor Prepetition Incentive Based Bonus Plans and Request for Continuance [Docket No. 238]; and a hearing on a portion of the Motion having been held on July 25, 2006 and an Order Granting Partial Relief Requested in Debtors' Motion Seeking Authority To Honor Prepetition Incentive-Bases Bonus

Plans on July 28, 2006 [Docket No. 259] having been entered; and upon the: (x) Statement in Support of Certain Relief Requested with Respect to Debtors' Motion for Entry of Order Authorizing Debtors to Honor Prepetition Incentive-Based Bonus Plans filed by Black Diamond Commercial Finance, LLC [Docket No. 331]; (y) Statement of Second Lien Committee Regarding Debtors' Motion for Authority to Honor Prepetition Incentive Based Bonus Plans [Docket No. 333]; and (z) Supplemental Objection to Debtors' Motion for Authorization to Honor Certain Prepetition Bonus Plans filed (under seal) by the Committee [Docket No. 334]; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and a hearing on the remainder of the Motion having been held on August 17, 2006; and it appearing that the relief requested by the Motion is in the best interest of these estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted to the extent set forth herein.

2. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. The Debtors are authorized, but not directed, to make payments that are due as of July 31, 2006 under the BOB Plan (the "July Payment") to the ten (10) participants in the BOB Plan that are members of the Debtors' executive leadership team and/or insiders (collectively, the "ELT Members") subject to the procedures set forth below, except that: (a) Steven Richman shall not receive his July Payment unless he is terminated without cause, at which time Mr. Richman's July Payment would become due and payable; (b) the July Payment received by Mr. Steven Bentson shall be subject to disgorgement if Mr. Bentson voluntarily

terminates his employment prior to December 31, 2006 and by accepting his July Payment, Mr. Bentson acknowledges and consents to the personal jurisdiction of this Court to enforce such disgorgement; and (c) the Debtors shall complete written evaluations (including, without limitation, a detailed basis and justification for the amount of the July Payments being awarded on the basis of such written evaluations) of each ELT Members' entitlement to the July Payments and provide copies of such evaluations (including the detailed items above) to counsel for the Committee no later than September 1, 2006. To the extent the Committee objects to any July Payments of ELT Members, it must deliver such objections to counsel for the Debtors in writing (including, without limitation, a detailed basis and justification for objecting to the amount of the July Payments being awarded on the basis of such written evaluations) no later than 5:00 p.m. on September 11, 2006. At that time, the Debtors shall be authorized to pay ELT Members the undisputed portion of the July Payments. As to the disputed portion of the July Payments, such portion of the July Payments shall not be made and the Court shall conduct a telephonic conference on September 12, 2006 or such other time as may be determined by the Court before any party takes any further action with respect to the disputed July Payments.

4. The Chicago Transition Plan is hereby approved on a final basis and the Debtors are authorized, but not directed, to make payments as may be necessary to effectuate the Chicago Transition Plan; provided, however, that prior to making payment of any Chicago Bonus to a participating employee under the Chicago Transition Plan, such participating employee shall execute and deliver to the Debtors a release agreement in substantially the form attached hereto as Exhibit A.

5. The balance of the relief requested in the Motion with respect to the BOB Plan will be deferred to a subsequent hearing; provided, however, that prior to the time of such

subsequent hearing, the Debtors shall retain (i) a employee benefits consultant to evaluate and advise the Debtors as to bonus and incentive program needs and market standards; and (ii) propose and negotiate a comprehensive incentive compensation program for the ELT, which may or may not include provisions currently incorporated in the BOB Plan.

6. The authorization granted hereby with respect to the Bonus Plans shall not create any obligation on the part of the Debtors or their officers, directors, attorneys or agents to make payments under the Bonus Plans, none of the foregoing persons shall have any liability on account of any decision by the Debtors not to honor the payments under the Bonus Plans hereunder and nothing contained in this order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect the employees' claims under the Bonus Plans to the extent they are not paid.

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

8. Notwithstanding Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry hereof.

9. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
August ___, 2006

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

**APPEAL TRANSMITTAL SHEET**

Case Number: _____  ○ BK   ○ AP
   If AP, related BK Case Number: _____

Title of Order Appealed:
_____
      Docket Number: _____       Date Entered: _____

Item Transmitted:  ○ Notice of Appeal             ○ Motion for Leave to Appeal
                 ○ Amended Notice of Appeal    ○ Cross Appeal
      Docket Number: _____       Date Filed: _____

*Appellant/Cross Appellant:                *Appellee/Cross Appellee
_____    _____
Counsel for Appellant:                     Counsel for Appellee:
_____    _____
_____    _____
_____    _____
_____    _____

*If additional room is needed, please attach a separate sheet.*

Filing Fee paid?  ○ Yes   ○ No

IFP Motion Filed by Appellant?  ○ Yes   ○ No

Have Additional Appeals to the Same Order been Filed?  ○ Yes   ○ No
   If so, has District Court assigned a Civil Action Number?   ○ Yes  ○ No   Civil Action # _____

Additional Notes:
_____

_____          By: _____
Date                                      Deputy Clerk

_____
                                                      FOR USE BY U.S. BANKRUPTCY COURT
Bankruptcy Court Appeal (BAP) Number: _____
7/6/06